## Clifton's Estate.

The facts appear from the following adjudication of

LAMORELLE, P. J., Auditing Judge.—Susan E. Clifton died February 2, 1931, having first made a will, dated June 11, 1929, of which she appointed The Pennsylvania Company for Insurances on Lives and Granting Annuities, Joseph G. Lester and Andrew A. Shearer executors, to whom letters testamentary were granted February 9, 1931.

After directing the payment of her just debts and funeral expenses, testatrix gave the sum of $1000 to Laurel Hill Cemetery Company for the perpetual care of the family lot of H. G. O. Ramborger, and the sum of $1000 to the Mount Peace Cemetery Company for the perpetual care of the Clifton family lot in said cemetery; made a specific devise; gave to John Lewis Gram the walnut desk in her living room; to Katharine Ann Gram her small walnut sewing table in her living room; to Carolyn R. Gram her mahogany table in her living room; to her cousin, Laura League Young, the two small rosewood chairs now in her living room; to her physician, Dr. James M. Godfrey, the oil painting now in her bedroom known as Parthenope; to her cousin, Olive Logan, all the remaining furniture and furnishings contained in her house, No. 5026 Kingsessing Avenue; directed that all estate and inheritance taxes on the foregoing bequests should be paid out of her residuary estate; and that her summer home at Beach Haven, New Jersey, should be sold and that the proceeds should become a part of her residuary estate, with the proviso that in selling the same it should first be offered to her friend and neighbor, Allison Sharp.

By the seventh item of her will she provided as follows: "I give, devise and bequeath all of the property contained in an envelope in my safe deposit box in the vault of The Pennsylvania Company for Insurances on Lives and Granting Annuities which contains property I received from my deceased husband, Henry G. Clifton, or securities I necessarily had to substitute therefor, in equal shares to Frances K. Sullivan, Martha K. McInerney and Horace C. Knapp," with limitations over in the event that any one of them "shall have died without issue," unnecessary to recite in that they are all living.

She gave the residue of her estate to her executors in trust to pay the net income therefrom to her niece, Carolyn R. Gram, for life, with remainder over upon her death, unnecessary to recite in that she survives.

Testatrix did not marry, nor were any children born, after the execution of the will.

Transfer inheritance tax has been paid in the sum of $5712.49, and voucher for same produced.

The question presented for determination to the court is the extent of the interest of Frances K. Sullivan, Martha K. McInerney and Horace C. Knapp in clause seven of the will above recited. From the testimony produced and

admissions of counsel, it appears that the executors opened the safe deposit box of testatrix in the vaults of The Pennsylvania Company and that there was found in said box the envelope referred to in clause seven of the will. On the face of the envelope appears the following endorsement:

"This contains ~~Bonds,~~ Stocks
belonging to and issued in
the name of
Susan E. Clifton."

In this envelope were found the following securities:

$2000, Central States Power & Light Corporation First Mortgage and First Lien 5½ per cent., due January 1, 1953, Nos. M 1047, 1048;

$1000, Georgia Power Co. First & Refunding Mortgage 5 per cent., due March 1, 1967, No. M-26370;

$3000, Philadelphia Company 5 per cent. Sec. Gold Note Series "A" due December 1, 1967, Nos. M 3349, 3350, 3351;

150 shares, Central Penn National Bank of Philadelphia No. L 185 for 50 shares, C 192 for 100 shares;

4 shares, Duquesne Light Co. First Preferred 5 per cent. Cumulative (Pa.) No. NYO 1202;

63 shares, Pennsylvania R. R. Company (Pa.) No. P 140089.

As the Auditing Judge understands, counsel agree that these securities shall be awarded to the three legatees named, but the further question arises whether, in addition to these 150 shares of Central Penn National Bank stock, 400 shares of said bank stock shall be awarded to the three legatees, or whether said 400 additional shares form part of the residuary estate.

As the Auditing Judge understands, it is admitted that the 550 shares of stock represent shares received in exchange for stock which testatrix received under her husband's will; that testatrix borrowed from The Pennsylvania Company for Insurances on Lives and Granting Annuities the sum of $8000 and pledged 200 shares of the Central Penn National Bank stock as security for the payment of the loan; and that she also borrowed from Real Estate-Land Title and Trust Company an additional sum of $8000 and pledged 200 additional shares of said stock as collateral security for the payment of the loan.

Testimony was also produced showing that testatrix visited the vaults of The Pennsylvania Company on November 7, 1929, the date when these securities were hypothecated, and the Auditing Judge is asked to draw the inference that on that date 400 shares of said stock were in the envelope and were then taken out. Even though they were, it does not necessarily follow that they were in the envelope at the time the will was executed, for testatrix does not say that the envelope contains *all* the securities that she received from her husband. She merely states that the envelope contains *property* she received from her husband. For aught the Auditing Judge knows, the Central Penn National Bank stock may not have been in the envelope when the will was executed.

Nor does it necessarily follow that if the stock was in the envelope at the time of the execution of the will the three legatees are entitled thereto, for section nine of the Wills Act of 1917 provides as follows:

"Every will shall be construed, with reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will," and in the opinion of the Auditing Judge this act applies.

But, even if it were held that the will must be read at the time of its execution, as already stated, the evidence is not sufficient to show that all of the original Central Penn National Bank stock was in the envelope at that time. The Auditing Judge, therefore, rules that the 400 shares of stock pass under the residuary clause of the will. . . .

*Bryan A. Hermes*, for exceptants.

*Bronte Greenwood* and *Walter Willard*, contra.

STEARNE, J., November 20, 1931.—We have carefully reviewed this record. The findings of fact and conclusions of law of the Auditing Judge were so obviously correct that further elaboration seems unnecessary.

The exceptions are dismissed and the adjudication is confirmed absolutely.